## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ISRAEL CARL ISBELL, | ) | CASE NO. 4:17CV1306 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES CARR |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| STEVE MERLAK, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

This 28 U.S.C. § 2241 petition is before the magistrate judge pursuant to Local

Rule 72.2(b)(2).  Before the Court is the Petition of Israel Carl Isbell ("Isbell" or "Petitioner"),

for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.  Isbell is being held in federal

custody at the Federal Correctional Institution Elkton in Lisbon, Ohio.  Currently pending are (1)

Respondent's Motion to Dismiss (Doc. No. 16); (2) Isbell's Motion for Rule 11 Sanctions (Doc.

No. 22); and (3) Isbell's Motion for Bond Pending Habeas Review (Doc. No. 25).

For the following reasons, it is recommended (1) Respondent's Motion to Dismiss (Doc.

No. 16) be GRANTED, (2) Isbell's Motion for Rule 11 Sanctions (Doc. No. 22) be DENIED;

and (3) Isbell's Motion for Bond (Doc. No. 25) be DENIED.

**I.      Factual and Procedural Background**

**A.      Factual Background**

The relevant facts underlying the instant Petition are set forth in a previous Order[1] of the

Court, as follows:

> On June 25, 2010, the United States District Court for the Central District of Illinois sentenced   petitioner Israel Isbell to 180 months' imprisonment for receiving child pornography.   (Doc. 43 at 1–2, *U.S. v. Isbell*, Case No. 1:09–cr–10122 (C.D. Ill.)).

> At sentencing, the district court refrained from ordering that Isbell's sentence run either concurrently with, or consecutively to, a sentence that Isbell had received in a narcotics case in the Circuit Court of Tazewell County, Illinois.  (Doc. 50 at 80–81, *U.S. v. Isbell*, Case No. 1:09–cr–10122 (C.D. Ill.)).  The court stayed its hand in that regard on account of what it called the "very bizarre circumstances" that had attended Isbell's sentencing in state court.  (*Id*. at 81).

> In brief, the parties in the state-court case devised a plea agreement in May, 2010, under which the court sentenced Isbell to ten years' imprisonment, but stayed execution of the sentence until June 26—a Saturday, and the day after the federal sentencing hearing.  (Doc. 1–4 at 2–5).

> The upshot of that process, at least in the eyes of the district judge presiding over Isbell's case, was to preclude the federal court from ordering that Isbell's federal sentence run consecutive to his state-court sentence, as the state-court sentence had yet to be imposed:

>> And I guess I need to address this, too, about the Tazewell thing. I'm not happy about this, frankly.  I don't—I can't imagine ever entering an order is a case here that says, by the way, it doesn't—not going to take effect for two weeks or three weeks or something like that. I have no idea what went into that order being entered.  I don't like it. But having said that, the state matter could have been resolved next week instead of then.  If it had been, I wouldn't be saying this.

---

[1] As discussed in more detail *infra*, on July 26, 2016, Isbell filed a previous Petition pursuant to § 2241, challenging the execution of the same sentence at issue herein.  *See Isbell v. Merlak*, Case No. 4:16CV1883 (N.D. Ohio) (Carr, J.)  On November 10, 2016, the Court issued an Order dismissing Isbell's Petition.  (Doc. No. 3.)  Isbell subsequently filed two Motions for Relief from Judgment, which the Court denied on June 15, 2017 and September 18, 2017.  (Doc. Nos. 5, 6, 8, 14.)  Isbell filed Notices of Appeal on August 14, 2017 and October 16, 2017, which were consolidated by the Sixth Circuit.  (Doc. Nos. 11, 16, 18.)  As of the date of this Order, Isbell's appeal is still pending.

-2-

> The bottom line is he's going to serve his federal sentence first.  And since that's the case, and since the state court order says that that sentence in state court, although it occurred on—in May does not become effective until tomorrow, I'm not going to say anything about consecutive or concurrent because as far as I'm concerned, under these very bizarre circumstances, this ends up being the first sentence and then the state court can do whatever they want.

(Doc. 50 at 80–81, *U.S. v. Isbell*, Case No. 1:09–cr–10122 (C.D. Ill.); (*see also* Doc. 1–4 at 16).

Isbell began serving his federal sentence on June 25, 2010.

Sometime in July, 2010, the U.S. Marshals Service removed Isbell from federal custody and transferred him to the Illinois Department of Corrections so that he could serve his ten-year sentence in the narcotics case.  (Doc. 1–1 at 11).  To guarantee Isbell's later return to federal custody, the Marshals Service lodged a detainer with the Illinois authorities.  (*Id*.).

But the Marshals Service was apparently unaware of the procedural niceties related to the imposition of Isbell's state and federal sentences.  (*Id*. at 4) (federal prison officials stating, in response to Isbell's administrative grievance alleging that his federal sentence had expired, that the Marshals did not know "you posted bond on February 8, 2010, on your state charges, and became exclusive federal custody").

When the Marshals learned, in July, 2011, that Isbell's sentences were, in fact, running concurrently, they retrieved Isbell from Illinois and returned him to federal custody.  (Doc. 1–1 at 4).

According to the Bureau of Prisons, Isbell will complete his child-pornography sentence on November 24, 2022.  (*Id*.).

*See Isbell v. Merlak*, Case No. 4:16CV1883 (N.D. Ohio) (Doc. No. 6.)  *See also Isbell v. Merlak*, 2017 WL 2628049 at * 1-2 (N.D. Ohio June 15, 2017).

### B.     Isbell's first § 2241 Petition (Case No. 4:16cv1883)

On July 26, 2016, Isbell, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to § 2241 in this Court (hereinafter "*Isbell I*").  *See Isbell v. Merlak*, Case No. 4:16CV1883 (N.D. Ohio) (Carr, J.)  The matter was assigned to U.S. District Judge James Carr.

-3-

On November 10, 2016, Judge Carr issued an Order *sua sponte* denying Isbell's Petition, as

follows:

> Petitioner was convicted in the United States District Court for the Central District of Illinois, pursuant to a guilty plea, of receiving child pornography. He was sentenced to 180 months imprisonment in June 2010. The U.S. Marshal subsequently transported him to the Tazewell County, Illinois Sheriff's Department for a pending state case, and he then began serving a concurrent state sentence in an Illinois Department of Corrections institution.  Illinois authorities returned him to federal custody in August 2011.
>
> Relying primarily on *Thompson v. Bannan*, 298 F.2d 611 (6th Cir. 1962), Petitioner now asserts his federal sentence ended on July 12, 2010, when the U.S. Marshal turned him over to the Tazewell County Sheriff's Department. Nothing contained in *Bannan* or the other cases Petitioner cites reasonably support this assertion.
>
> It is, therefore, ORDERED THAT the petition for a writ of habeas corpus (Doc. 1) be, and the same hereby is, denied.

*Isbell I* at Doc. No. 3.  On that same date, Judge Carr issued a Judgment Entry denying Isbell's

Petition and certifying, pursuant to 28 USC § 1915(a)(3), that an appeal from the decision could

not taken in good faith.  *Isbell I* at Doc. No. 4.

 On May 30, 2017, Isbell filed a Motion for Relief from Judgment.  *Isbell I* at Doc. No. 5.

On June 15, 2017, Judge Carr issued an Order denying Isbell's Motion, as follows:

> At bottom, Isbell's claim that is his valid federal sentence[2] somehow expired, or that federal authorities waived their right to detain him under his judgment of conviction, when the Marshals Service relinquished him, on a temporary basis, to Illinois authorities so that he could serve his sentence in the narcotics case.
>
> I adhere to my original decision that this claim provides no basis for habeas relief. I also conclude that Isbell has not shown that I made any mistake that warrants

---

[2]  In a footnote, Judge Carr noted that "Nowhere does Isbell challenge the lawfulness of the sentence that the U.S. District Court for the Central District of Illinois handed down.  His only challenge is to the ongoing execution of that sentence and, thus his claim arises under § 2241.  *E.g., Strawder v. Merlak*, 2017 WL 1199139 at * 2 (N.D. Ohio) (Oliver, J.)."

-4-

vacating the judgment.

As Isbell notes, and as federal prison officials recognized when processing Isbell's grievances, the Marshals Service erred in transferring him to state custody.  But that mistake, amounting to little more than a clerical error, provides no grounds for ordering Isbell's immediate release from federal prison.

First, the United States did not, as a matter of law, surrender its jurisdiction over Isbell or its ability to regain custody of him by temporarily releasing him to Illinois authorities.  *See generally Ponzi v. Fessenden*, 258 U.S. 254, 262 (1922); *see also Weekes v. Fleming*, 301 F.3d 1175, 1177–81 (10th Cir. 2002).

Second, *Bannan, supra*, 298 F.2d at 615, recognized that, at least in some cases, surrendering a prisoner who is serving a sentence in one state so that he can serve a sentence in another state can amount to an "implied pardon or commutation of sentence."

But to find such an implied pardon in this case would be at odds with the steps that the Marshals Services actually took to ensure that Isbell would ultimately return to federal custody: lodging a detainer with the Illinois authorities. *Cf. Shaughnessy v. U.S.*, 150 F. Appx 800, 802 (10th Cir. 2005) ("In this case it is clear that when the BOP turned Mr. Shaughnessy over to Colorado for prosecution on state charges, the federal government did not intend to waive jurisdiction to require him to complete his federal sentence. On the contrary, a detainer was filed with state authorities promptly after Mr. Shaughnessy was released from federal custody.").

Third, and putting all of the foregoing to one side, granting habeas relief on these facts would be inconsistent with the habeas statute itself, which directs that courts "dispose of habeas corpus matters as law and justice require." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

The fact remains that Isbell is serving a sentence that he does not contend is unlawful in any way; he claims only—but incorrectly—that the sentence has lapsed. He does not allege any impropriety or misconduct on the part of the Marshals, nor does he allege his treatment has been arbitrary or unfair.  Likewise, he does not allege a violation of his constitutional rights.

Moreover, I share the concerns of Judge Mihm, who sentenced Isbell in the Central District of Illinois case, about how the parties in the state-court case frustrated his ability to impose consecutive sentence—an order that, it seems to me, would have been entirely appropriate. [footnote omitted]

On these facts, law and justice require that I uphold Isbell's sentence, not release him from it prematurely.

> Finally, whether I correctly characterized the state-court narcotics case as "pending" had no effect upon my decision.  Indeed, Isbell himself does not explain how the characterization of that case as pending or resolved affects his claim.  (See Doc. 5 at 1–3).  What mattered to my original decision was the lack of any foundation in law or equity for the relief that Isbell seeks.

> It is, therefore ORDERED THAT Isbell's motion for relief for judgment (Doc. 5) be, and the same hereby is, denied.

*Isbell I* at Doc. No. 6.  Isbell filed a Notice of Appeal to the Sixth Circuit on August 14, 2017.

*Isbell I* at Doc. No. 11.

 Meanwhile, on July 13, 2017, Isbell filed his second Motion for Relief from Judgment,

which he captioned "Combined Motion and brief seeking relief and reconsideration under

FRCP 60(b)."  *Isbell I* at Doc. No. 8.  On September 18, 2017, Judge Carr denied Isbell's

motion, as follows:

> In disposing of the motion for relief from judgment, I found, in essence, that: 1) the release of Isbell to state authorities had not waived the United States's jurisdiction over Isbell or its ability to regain custody of and imprison him; 2) even assuming that releasing a sentenced prisoner to serve a sentence in another jurisdiction can cause an implied pardon, no such pardon occurred here because the Marshals lodged a detainer to avoid precisely that scenario; and 3) in light of the unusual facts giving rise to Isbell's case, "law and justice require[d] that I uphold [his] sentence, not release him from it prematurely." *Isbell, supra*, 2017 WL 2628049, at *2–3.

> The pending motion recounts a litany of "clear errors" that supposedly infect my prior ruling. (Doc. 8 at 5–23).

> Having reviewed my earlier decision and Isbell's latest filing, I reject Isbell's contentions and adhere to my original ruling that Isbell is not entitled to habeas relief.  I add only one further point.  In doing so, I do not mean to alter the rationales of my prior rulings.  Rather, I simply mean to show that the harder one looks at Isbell's claim, the more baseless it appears.

> Isbell continues to rely on the Sixth Circuit's decision in *Thompson v. Bannan*, 298 F.2d 611, 615 (6th Cir. 1962), for the proposition that his release from his federal sentence – though intended to be temporary and accompanied by a detainer that

would ensure his return to federal custody – "is equivalent to a pardon."

The claim in *Thompson* was that Michigan had waived its right to prosecute the petitioner for robbery when it surrendered him to Illinois authorities before initiating the robbery prosecution. *Id*. at 612–13. The Sixth Circuit rejected that claim, which is quite different than Isbell's claim, as baseless. *Id.* at 614–15.

In so holding, the court recognized case law stating that surrendering a prisoner "to a sister state while [he is] serving a sentence after conviction . . . is sometimes considered to be in effect a pardon of the remainder of the sentence." *Id.* at 615. One such case to which the court pointed was *Jones v. Rayborn*, 346 S.W.2d 743 (Ky. 1961), where a Kentucky court held that Kentucky had waived its right to imprison Rayborn when, while Rayborn was serving a state sentence, authorities transferred him to a federal prison to serve a federal sentence.

But in saying that "[t]he surrender to another state while the prisoner is serving a sentence is equivalent to a pardon," it does not appear that the Circuit was announcing a generally applicable rule of federal law that might control this case. After all, such a pronouncement would have been dicta, as the petitioner in Thompson was not serving a sentence at the time of his transfer from Michigan to Illinois.

Rather, as the court's subsequent decision in *Himes v. Ohio Adult Parole Auth*., 448 F.2d 410, 411 (6th Cir. 1971), makes clear, the court was merely "set[ting] out what we considered to be Kentucky's holding in *Jones v. Rayborn*: 'The surrender to another state while the prisoner is serving a sentence is equivalent to a pardon.' 298 F.2d at 615." (Internal emphasis omitted). [footnote omitted]

Accordingly, the Sixth Circuit case that controls here is not *Thompson* but *Stroble v. Egeler*, 547 F.2d 339 (6th Cir. 1977). The habeas petitioner in that case had begun serving a life sentence for murder in Michigan when Michigan authorities, by an "administrative mistake," transferred him to New York so that he could finish serving a sentence in that state. *Id*. at 340.

The petitioner, upon completing his New York sentence and returning to Michigan, maintained that his transfer to New York waived Michigan's right to re-imprison him for the murder conviction. *Id*. The Sixth Circuit disagreed:

> It is concluded that appellant's contention that Michigan waived its right to imprison the appellant on the murder conviction when its authorities returned him to New York after he had begun serving the life sentence in Michigan through administrative mistake is without merit.

-7-

> *Id.*  That is essentially what happened in this case, and as the petitioner in *Stroble* was not entitled to relief, neither is Isbell.
>
> It is, therefore, ORDERED THAT Isbell's second motion for relief from judgment (Doc. 8) be, and the same hereby is denied.

*Isbell I* at Doc. No. 14 at 3-4.  Isbell filed a Notice of Appeal from this judgment to the Sixth Circuit on October 16, 2017.  *Isbell I* at Doc. No. 16.

On November 3, 2017, the Sixth Circuit consolidated Isbell's appeals.  *Isbell I* at Doc. No. 18.  These appeals remain pending as of the date of this Report & Recommendation.

### C.    Isbell's second § 2241 Petition (Case No. 4:17cv1306)

On June 21, 2017, Isbell, proceeding *pro se*, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (hereinafter referred to "*Isbell II*"), again challenging the execution of his sentence in *United States v. Isbell*, Case No. 1:09cr10122 (C.D. Ill.).  In the Petition, Isbell asserts he "is being held illegally as Petitioner's judgment of conviction was satisfied when the United States . . . via the United States Marshal's Service . . . released the Petitioner from exclusive federal custody and jurisdiction while he was still serving a consecutive federal term of incarceration to the exclusive custody and jurisdiction of another sovereign, namely, the State of Illinois, to serve (i.e., to pay the debt of) the judgment that followed."[3]  (Doc. No. 1 at 1.)

The case was assigned to District Judge James Gwin, and referred to the undersigned for a Report & Recommendation.  (Doc. No. 6.)

On October 3, 2017, Respondent moved to transfer the instant action to the docket of

---

[3] The following day, Isbell filed a Motion for Appointment of Counsel, which the Court denied.  (Doc. Nos. 3, 19).

-8-

District Judge James Carr.  (Doc. No. 11.)  Respondent asserted the instant action "is, except for a few cosmetic changes, nearly identical to the habeas petition dismissed by Judge Carr and currently pending before the 6th Circuit."  (*Id*. at 2.)  He maintained that, in both cases, Isbell alleges his federal criminal judgment is satisfied, relying on the "same case authority, same supporting evidence, and [ . . . ] the same arguments in both cases."  (*Id*. at 2-3.)

On October 5, 2017, this matter was reassigned to Judge Carr for all further proceedings. (Doc. No. 12.)  On October 16, 2017, Isbell filed a Notice of Appeal to the Sixth Circuit from the Order reassigning the case.  (Doc. No. 15.)  On November 20, 2017, the Sixth Circuit dismissed Isbell's appeal for lack of jurisdiction.  (Doc. No. 17.)

Meanwhile, on November 13, 2017, Respondent filed a Motion to Dismiss, arguing "this Court has already heard and decided the issues raised in Isbell's petition."  (Doc. No. 16.) Respondent maintains the Petition should be dismissed because "repeat claims brought pursuant to successive § 2241 petitions may be barred by the successive writ rule from 28 U.S.C. § 2244(a)."  (Doc. No. 16-1 at 3.)

Isbell filed a Memorandum In Opposition on November 30, 2017, in which he argues the "successive writ rule" is inapplicable because his constitutional claims were not "heard and decided" by Judge Carr in connection with his prior Petition.  (Doc. No. 18.)

Respondent filed a Reply on December 15, 2017.  (Doc. No. 20.)  Shortly thereafter, Isbell filed a Motion for Leave to file Sur-Reply, to which he attached a Memorandum setting forth his proposed Sur-Reply Brief.  (Doc. No. 21.)  On April 9, 2018, the Court granted Isbell's Motion for Leave and deemed his attached Sur-Reply filed *instanter*.

On January 24, 2018, Isbell filed a "Motion for Rule 11 Sanctions."  (Doc. No. 22.)

-9-

Respondent filed a Brief in Opposition, to which Isbell replied.  (Doc. Nos. 23, 24.)

On March 29, 2018, Isbell filed a "Motion for Bond Pending Habeas Review."  (Doc. No. 25.)

## II.    Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). "The statute [§ 2241] is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.' " *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (citations omitted).  A petition under § 2241 may only be used by a federal prisoner to challenge the manner in which his sentence is being carried out (e.g., the computation of sentence credits or parole eligibility).  *See United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999); *accord Peguero v. Hanson*, 2015 U.S. Dist. LEXIS 45964 at *2 (N.D. Ohio, Apr. 8, 2015).  As Petitioner is proceeding *pro se*, "his pleadings are held to a less stringent standard than those prepared by an attorney." *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

## III.    Analysis

### A.    Motion to Dismiss

In his Motion, Respondent argues "[t]his Court need not, and should not, entertain Isbell's petition because it has already reviewed, and rejected three times, the legality of his detention in *Isbell I*."  (Doc. No. 16-1 at 3.)  Citing 28 U.S.C. § 2244(a), Respondent asserts "dismissal of the second or successive § 2241 petition is appropriate when faced with a habeas

pleading that has already been fully adjudicated on the merits." (*Id*. at 3-4.)  Respondent

maintains the instant Petition is "nearly identical" to the Isbell's prior Petition, noting "in both

petitions, Isbell includes the same case authority, same supporting evidence, and raises the same

arguments."  (*Id*. at 4.)  Thus, under the "successive writ rule," Respondent argues the instant

Petition should be denied.

Isbell asserts the instant Petition is not barred under § 2244(a) because the Court failed

to "actually hear and decide" several constitutional claims allegedly raised in his prior Petition

(i.e., in *Isbell I*.)  (Doc. No. 18 at 3-4.)  Specifically, Isbell argues that, because his prior

Petition stated he was seeking "relief of being held illegally," "this would encompass under a

liberal construction a Due Process claim under the 5th and 14th Amendments, a Sixth

Amendment claim for 'extra jail time,' and an 8th Amendment claim for 'false imprisonment'

which amounts to Cruel and Unusual Punishment."  (*Id*. at 11.)  Finally, Isbell claims the instant

Petition is not barred under § 2244(a) because, in *Isbell I*, the Court failed to either conduct a

hearing or accord his *pro se* Petition a liberal construction.  (*Id*. at 11.)

The Sixth Circuit has explained that, "[a]lthough habeas corpus petitions filed pursuant

to § 2241 are not subject to the strict bars on second and successive petitions imposed on 28

U.S.C. § 2255 (2000) habeas petitions, courts may decline to address claims brought

repeatedly."  *Dietz v. U.S. Parole Comm'n*, 260 Fed. Appx. 763, 765 (6th Cir. Jan. 2, 2008).

Indeed, 28 U.S.C. § 2244(a) provides that:

> No circuit or district judge shall be required to entertain an application for a
> writ of habeas corpus to inquire into the detention of a person pursuant to a
> judgment of a court of the United States if it appears that the legality of such
> detention has been determined by a judge or court of the United States on a
> prior application for a writ of habeas corpus, except as provided in section
> 2255.

28 U.S.C. §2244(a).  *See also Lane v. Terris*, 2017 WL 6026088 at * 1 (E.D. Mich. Dec. 5, 2017) ("Federal courts may dismiss—without addressing the merits—a petitioner's successive habeas petition if the petitioner raises challenges to his confinement already asserted in his prior habeas petition, or challenges that could have been raised in the earlier petition."); *Cofield v. NEOCC*, 2007 WL 2034283 at * 2 (N.D. Ohio July 10, 2007) (stating that "claims brought pursuant to successive § 2241 petitions may be barred by the successive writ rule from 28 U.S.C. § 2244(a)") (citing *Glumb v. Honsted*, 891 F.2d 872, 873 (11th Cir.1990)); *Fazzini v. Warden of NEOCC*, 2007 WL 2236600 at * 4 (N.D. Ohio July 31, 2007) (same).

This principle, however, applies to claims that have "not only been brought by the petitioner, but have actually been heard and decided by the court." *Dietz,* 260 Fed. Appx. at 763, 765 (citing *Sanders v. United States*, 373 U.S. 1, 12, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963) ("[Section] 2244 is addressed only to the problem of successive applications based on grounds previously heard and decided.")).  *See also Williams v. Gardner,* 2000 WL 1827723 at * 1 (6th Cir. December 8, 2000) (**"**Successive applications for the same relief need not be entertained if the second or successive petition fails to allege new or different grounds for relief and the prior determination was on the merits.") (citing 28 U.S.C. § 2244; *Sanders v. United States*, 373 U.S. 1, 15 (1963); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir.1987)).

In addition, "a habeas petition may be seen as an abuse of the writ of habeas corpus if the petitioner raises a claim in a subsequent petition that he could have raised in an earlier petition." *Dietz,* 260 Fed. Appx. 763, 765 (citing *McCleskey v. Zant*, 499 U.S. 467, 489, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)).  "It is within the discretion of the court to decline to decide the petition on the merits in these circumstances." *Id*.  *See also Rosales-Garcia v. Holland,* 322 F.3d 386, fn

-12-

12 (6th Cir. 2003) ("'An 'abusive petition' occurs 'where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that disentitle[s] him to the relief he seeks.'") (quoting *Schlup v. Delo*, 513 U.S. 298, 319 n. 34 (1995)); *Lane*, 2017 WL 6026088 at * 1 (same).

For the following reasons, the Court finds the instant Petition is barred under § 2244(a). A careful review of Isbell's two Petitions reveals they rely on the same facts and advance the same legal arguments. In both Petitions, Isbell challenges the execution of his federal sentence in *United States v. Isbell*, Case No. 1:09cr10122 (C.D. Ill.). He relies on the same underlying facts relating to his state and federal sentencing proceedings, his transfer from federal to state custody in July 2010, and his subsequent retrieval by federal authorities a year later in July 2011. Moreover, in both Petitions, Isbell raises the same central legal arguments; i.e., that his federal sentence expired, or that federal authorities lost jurisdiction over him and/or implicitly "pardoned" him, when the Marshals transferred him to state authorities to serve his state sentence. In both the instant case and *Isbell I*, Isbell relies on the same authority (principally *Thompson v. Bannan*, 298 F.2d 611 (6th Cir. 1962) and *Himes v. Ohio Adult Parole Authority*, 448 F.2d 410 (6th Cir. 1971)) in support of his claims. In sum, and upon careful review, the Court finds the two Petitions are, for all intents and purposes, the same.

Isbell does not appear to dispute the instant Petition relies on the same facts and raises the same claims as set forth in his prior Petition. (Doc. No. 21-1 at 6.) However, he asserts the instant Petition is not barred under § 2244(a) because the Court in *Isbell I* did not "actually hear and decide his constitutional claims." (Doc. No. 18 at 3-4.) Specifically, Isbell claims that, liberally construed, his prior Petition alleged violations of the Due Process Clause and the Sixth

-13-

and Eighth Amendments.  (*Id.* at 11.)  Isbell claims the Court in *Isbell I* failed to acknowledge or address these claims and, therefore, this Court is now compelled to address them in the instant action.

This argument is without merit.  In *Isbell I*, the Court fully considered and addressed Isbell's claims that his federal sentence "expired" and/or that federal authorities lost jurisdiction over him or implicitly pardoned him by transferring him from federal to state custody.  As set forth at length *supra*, in resolving Isbell's Motions for Relief from Judgment, the *Isbell I* Court carefully set forth the facts underlying Isbell's claims and thoroughly addressed his legal arguments.  In particular, the Court specifically discussed and addressed the case law cited by Isbell in his prior Petition, including both *Thompson, supra* and *Himes, supra*.  After careful consideration in three separate opinions, the *Isbell I* Court determined Isbell was not entitled to habeas relief, finding "law and justice require that I uphold Isbell's sentence, not release him from it prematurely."  *Isbell I* at Doc. No. 6.

The fact that Isbell now asserts these same claims are actually "constitutional claims" under the Due Process Clause and Sixth and Eighth Amendments is immaterial.  Isbell does not articulate how his alleged "constitutional claims" are different from the claims addressed by the Court in *Isbell I*, nor does he identify any authority indicating a different result is required under these constitutional provisions.[4]  That Isbell now characterizes these claims as Due Process, Fifth

_____

[4] In the instant Petition (but not the prior Petition), Isbell cites to *Catalono v. Colson*, 493 Fed. Appx. 696 (6th Cir. Aug. 10, 2012), *Glover v. United States*, 531 U.S. 198 (2001), and *Hicks v. Oklahoma*, 447 U.S. 343 (1980), in support of his claims of a Sixth Amendment violation and an "unjustified loss of liberty."  These cases, however, stand for the general proposition that "any amount of actual jail time" can have constitutional significance.  *See Glover*, 531 U.S. at 203.  They do not involve analogous circumstances or address the particular legal issues presented in Isbell's Petition.

-14-

Amendment, Sixth Amendment, and/or Eighth Amendment claims does not change their character. Accordingly, the Court finds the claims set forth in the prior Petition were fully heard and decided on the merits in *Isbell I*.[5]

Isbell argues the Court should nonetheless consider the claims raised in the instant Petition because the "ends of justice" require it. *See Sanders*, 373 U.S. at 16 ("[E]ven if the same ground was rejected on the merits on a prior application, it is open to the applicant to show that the ends of justice would be served by permitting the redetermination of the ground.") It is recommended the Court find the "ends of justice" would not be served by considering the merits of the merits raised in the instant Petition. As noted above, Isbell's claims herein are identical to those set forth in his prior Petition and were fully considered in *Isbell I* and rejected. Moreover, as noted *supra*, *Isbell I* is currently on appeal to the Sixth Circuit and Isbell's claims are now squarely before that court for resolution. Under these circumstances, it is recommended the Court decline to address the merits of Isbell's Petition in the instant matter.

Finally, the Court notes the instant Petition (unlike its predecessor) does make passing

---

[5] Isbell also appears to argue his prior Petition was not "actually heard and decided" because he did not receive an evidentiary hearing in *Isbell I*. This argument is without merit. The Sixth Circuit has held a petitioner does not have the automatic right to an evidentiary hearing in a § 2241 proceeding. *Witham v. U.S.*, 355 F.3d 501, 505-506 (6th Cir. 2004). Rather, "[o]nly if the courts finds a factual dispute and that the petitioner may be entitled to relief should it grant an evidentiary hearing." *Id*. Here, Isbell has not demonstrated he was entitled to an evidentiary hearing in *Isbell I*. While Isbell takes issue with the fact the *Isbell I* Court described his transfer to state custody as "temporary," it is not disputed the Marshals lodged a detainer with the state authorities to ensure Isbell's return to federal custody. Moreover, Isbell has not offered any meaningful explanation as to why an evidentiary hearing was necessary to resolve the issues raised in his prior Petition. To the contrary, it is clear from a review of the decisions entered in *Isbell I* that the Court was able to resolve Isbell's prior Petition based on the record before it.

-15-

reference to the Due Process Clause, and Fifth, Sixth and Eighth Amendments.  (Doc. No. 1 at 10, 22.)  To the extent the instant Petition could be construed as asserting "constitutional claims" that were not asserted in the prior Petition, it is recommended the Court decline to consider them. As Respondent correctly notes, "a habeas petition may be seen as an abuse of the writ of habeas corpus if the petitioner raises a claim in a subsequent petition that he could have raised in an earlier petition."  *Dietz*, 260 Fed. Appx. at 765 (citing *McCleskey*, 499 U.S. at 489).  "It is within the discretion of the court to decline to decide the petition on the merits in these circumstances." *Id*.  *See also Hesselink v. Coakley*, 2014 WL 1270610 at * 2 (N.D. Ohio March 26, 2014) (noting the abuse of the writ doctrine "prohibits a petitioner from filing subsequent petitions for habeas corpus where an earlier petition was already denied"); *Cato v. Holland*, 2013 WL 2147942 at * 3 (E.D. Ky. May 15, 2013) ("The abuse of the writ doctrine prevents a petitioner from asserting similar claims in piecemeal fashion in an attempt to find a sympathetic forum.").  "A petitioner may mount a successful challenge to the government's assertion of an abuse of writ through only two avenues: by showing (1) cause to excuse the failure to raise a claim in a prior petition and actual prejudice from this failure, or (2) the existence of 'a fundamental miscarriage of justice.'" *Lane*, 2017 WL 6026088 at * 2 (citing *McClesky*, 499 U.S. at 494–95).[6]

Here, Isbell offers no reason why he could not have raised, in his prior Petition, "constitutional claims" stemming from his transfer from federal to state custody.  Nor does he allege any change in either the underlying facts or the law, or the discovery of new evidence, that

---

[6] As noted in *Hesselink, supra*, "[w]hile 'abuse of the writ' is generally viewed as a pre-AEDPA standard, courts have applied this equitable principle to habeas petitions brought under Section 2241 due to the discretion allowed by 28 U.S.C. § 2244(a)."  *Hesselink*, 2014 WL 1270610 at * 2.

would justify the failure to previously assert such claims.  Further, Isbell does not argue his failure to raise his "constitutional claims" in the prior Petition should be excused on the grounds it would be a "fundamental miscarriage of justice" not to do so.  Accordingly, even if the instant Petition asserted "constitutional claims" that were not raised in *Isbell I,* the Court finds Isbell has not established cause for failing to raise them previously, or the existence of a fundamental miscarriage of justice.[7]

Accordingly, and for all the reasons set forth above, it is recommended Isbell's Petition be DENIED.[8]

### B.    Motion for Sanctions

In his "Motion for Rule 11 Sanctions," Isbell asserts sanctions should be imposed because Respondent's various filings in this matter "ALL contain false representations to the Court, are mis-leading, contain outright lies, or cannot be presented in good faith as they are inadequately supported by either the record or material fact."  (Doc. No. 22 at 5.)  For example, Isbell accuses Respondent of attempting to mislead the Court by stating his prior Petition had

---

[7] Respondent first asserts the abuse of the writ doctrine in his Reply Brief.  (Doc. No. 20 at 3.)  Isbell was granted leave to file a sur-reply and, thus, had the opportunity to address this argument.  In his sur-reply, Isbell does not argue cause or prejudice from any failure to raise "constitutional claims" in the prior Petition, nor does he argue the failure to do so should be excused on the grounds it would constitute a "fundamental miscarriage of justice" not to consider them.  (Doc. No. 21-1.)  To the contrary, Isbell claims he did, in fact, assert his "constitutional claims" in the prior Petition but they were not "heard and decided" in *Isbell I.*  As discussed above, this argument is without merit.

[8] The Court notes Respondent argues "to the extent Petitioner requests a de novo decision on the merits of this petition because his prior petition was wrongly decided, this case should be stayed pending the outcome of the Sixth Circuit's review of *Isbell I*." (Doc. No. 20 at 4.)  It is recommended the Petition be denied for the reasons set forth above, rather than stayed.  Finally, in his Traverse/Brief in Opposition, Isbell asks the Court to transfer this matter back to Judge Gwin. (Doc. No. 18 at 1.)  It is recommended this request be denied.

-17-

been "dismissed" when, in fact, he claims "this case was NEVER dismissed, it was DENIED." (*Id*. at 2.)  He also claims Respondent accuses him of "being dishonest with the Court in filing the instant Habeas Petition."  (*Id*.)  Isbell argues "this constitutes 'fraud upon the Court,' and amounts to outrageous misconduct, and prejudices the Petitioner by biasing the Court against the Petitioner by implying that he is a liar."  (*Id.*)

Respondent argues "the behavior for which Petitioner requests sanctions does not violate Fed. R. 11."  (Doc. No. 23 at 2.)  Respondent maintains the distinction between a "dismissal" and a "denial" is insignificant.  (*Id*. at 3.)  Respondent further asserts he "has not questioned or attacked Isbell's credibility" nor has he made "any factual allegations that are unsupported by the pleadings."  (*Id*.)  Respondent argues his briefing in this matter is "based solely on counsel's best efforts to ascertain arguments in Petitioner's Complaint and Traverse in Opposition," stating "any misunderstanding and resulting alleged mischaracterization are in no way deliberate."  (*Id*. at 3-4.)

In his Reply, Isbell asserts "Respondent seems bent on continuing to try to mislead and deceive the Court."  (Doc. No. 24 at 1.)  He maintains the Court should reject Respondent's arguments "as an assault on the Court's intelligence," and claims "Respondent has asserted nothing more than *ipse dixit* here, with NO citation to a SINGLE page in the pleading." (*Id*. at 2.)

Federal Rule of Civil Procedure 11(b) provides as follows:

**(b) Representations to the Court**. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of

-18-

litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  The standard for Rule 11 inquiries is whether the actions are objectively unreasonable under the circumstances.  *See Albright v. Upjohn*, 788 F.2d 1217, 1221 (6th Cir. 1986); *Shoemake v. Mansfield City School Dist. Bd. of Educ.*, 2015 WL 2195065 at * 3 (N.D. Ohio May 11, 2015).

The Court finds Isbell has not demonstrated Respondent's actions have been objectively unreasonable.  While Isbell clearly disagrees with Respondent's legal arguments and defenses in this matter, he has not convincingly shown Respondent has taken a position in this litigation that is not well grounded in fact or law.  Indeed, the Court has carefully reviewed Respondent's filings in this matter and finds no indication Respondent engaged in sanctionable conduct.  It is, therefore, recommended Isbell's Motion for Sanctions be DENIED.

### C.    Motion for Bond

In his Motion for Bond, Isbell requests the Court "grant him bond (without surety) on his own recognizance."  (Doc. No. 25.)   He claims bond is warranted because he "expects to be successful in his challenge to the federal authorities' incarceration of him after he was erroneously retrieved from state authorities after the United States knowingly and willfully,

-19-

although mistakenly, abandoned its jurisdiction." (*Id.* at 2.)  Isbell further states he "expects a REMAND from the Sixth Circuit." (*Id.* at 3.)  He claims he has never failed to appear in any court and is, therefore, not a flight risk.  (*Id.* at 2.)  Finally, Isbell notes that, even if provided bond, he "may still be subject to lifetime supervised release . . . he would STILL be subject to register as a sex offender" and, therefore, "he could easily be reincarcerated should he not prevail in the instant matter." (*Id.* at 3.)

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice.  *See Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir.1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir.1990)).  *See also Aronson v. May,* 85 S.Ct. 3, 5, 13 L.Ed. 2d 6, 9 (1964)*; Nash v. Eberlin*, 437 F.3d 519, 526, n. 10 (6th Cir.2006).  "There will be few occasions where a habeas petitioner meets this standard." *Dipofi v. Eichenlaub*, 2008 WL 2745143 at * 4 (E.D. Mich. July 14, 2008).  *See also Dotson*, 900 F.2d at 79; *Smith v. Bergh*, 2018 WL 1399321 at * 3 (E.D. Mich. March 19, 2018).

It is recommended the Court deny Isbell's Motion for Bond.  For the reasons set forth both herein and in the *Isbell I* Court's November 10, 2016, June 15, 2017, and September 18, 2017 Orders, Isbell has not shown a "substantial claim of law based on the facts."  Nor has he demonstrated the existence of some circumstance making the motion for bail exceptional and deserving of special treatment in the interests of justice.

Accordingly, it is recommended Isbell's Motion for Bond (Doc. No. 25) be DENIED.

**III.  Conclusion**

-20-

Accordingly, and for all the reasons set forth above, it is recommended (1) Respondent's Motion to Dismiss (Doc. No. 16) be GRANTED, (2) Isbell's Motion for Rule 11 Sanctions (Doc. No. 22) be DENIED; and (3) Isbell's Motion for Bond (Doc. No. 25) be DENIED.

Date:    April 9, 2018                                                   s/ *Jonathan D. Greenberg*
                                                                          JONATHAN D. GREENBERG
                                                                          U.S. MAGISTRATE JUDGE

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**