# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Israel Carl Isbell,					Case No. 4:17CV1306

    Petitioner

    v.					**ORDER**

Steve Merlak, Warden,

    Respondent

This is a federal prisoner's habeas case under 28 U.S.C. § 2241.

Petitioner Israel Isbell pleaded guilty in the United States District Court for the Central District of Illinois to possession of child pornography. The district court sentenced him to 180 months of imprisonment.

Isbell seeks a writ of habeas corpus on the ground that his federal sentence, imposed in July, 2010, has expired.

This happened, Isbell maintains, when the U.S. Marshals Service removed him from federal custody (where he had begun serving his child-pornography sentence) and transferred him to the Illinois Department of Corrections so that he could serve a ten-year sentence imposed in an unrelated narcotics case. Unbeknownst to the Marshals Service, however, the state and federal sentences were running concurrently, not consecutively, such that there was no need to transfer Isbell to Illinois. When the Marshals Service – which had lodged a detainer with the

Illinois authorities to secure Israel's eventual return to federal custody – discovered the error, they obtained custody of Isbell and returned him to federal prison.[1]

This is not the first time Isbell has made this claim.

In 2016, Isbell filed a § 2241 petition raising this exact claim. (Doc. 1, *Isbell v. Merlak*, Case No. 4:16CV1883 (N.D. Ohio)). I rejected it, first, in an order denying the petition (Doc. 3, *Isbell v. Merlak*, Case No. 4:16CV1883 (N.D. Ohio)); then in an order denying Isbell's Rule 60(b) motion for relief from judgment, *Isbell v. Merlak*, 2017 WL 2628049 (N.D. Ohio 2017); and once more in an order denying Isbell's second Rule 60(b) motion (Doc. 14, *Isbell v. Merlak*, Case No. 4:16CV1883 (N.D. Ohio)).

The basis for those decisions was that the Marshals Service's mistaken act of transferring Isbell to the Illinois authorities did not amount to a waiver of the United States's jurisdiction over Isbell or its power to regain custody of and imprison him. *See also Stroble v. Egeler*, 547 F.2d 339, 340 (6th Cir. 1977).

Isbell appealed, and the Sixth Circuit affirmed the denial of the motions for relief from judgment. *Isbell v. Merlak*, 2018 WL 3954190 (6th Cir. May 1, 2018).

While that case was pending, Isbell tried his hand again and filed this habeas action.

Magistrate Judge Greenberg, whose Report and Recommendation is now pending, was no more receptive to Isbell's claim than I or the Circuit. The Magistrate Judge recommended that I deny the petition on abuse-of-the-writ grounds. (Doc. 26 at 10–17). He also recommended that I deny Isbell's motions to sanction the warden's lawyers and for release on bond. (Docs. 22, 25).

Isbell has filed objections (Docs. 28, 29, 30), and the government has filed a response. (Doc. 34).

---

[1] This is merely a snapshot of the earlier proceedings, which I discussed in greater detail in *Isbell v. Merlak*, 2017 WL 2628049, *1–2 (N.D. Ohio 2017).

On de novo review of the R&R, *see* 28 U.S.C. § 636(b)(1), I overrule the objections, adopt the R&R as the order of the court, and dismiss the petition with prejudice.

As I determined in Isbell's first habeas case, the fact that the Marshals Service mistakenly transferred him out of federal custody – and promptly retrieved him, pursuant to the detainer, when they discovered the error – did not extinguish his sentence or waive the United States's ability to regain custody of him. It was for that reason that the Sixth Circuit affirmed the denial of Isbell's motions for relief of judgment:

> Despite the federal government's mistakenly releasing Isbell to the Illinois Department of Corrections, the federal government did not relinquish custody because Isbell was not released on bail, his charges were not dismissed, he was not granted parole, and his sentence had not expired. Additionally, when Isbell was released into the custody of the Illinois Department of Corrections, a federal detainer was filed ensuring that he would eventually be returned to federal custody. *In any event, this court has previously held that when a prisoner is mistakenly transferred to another jurisdiction, the original jurisdiction does not waive the right to imprison the prisoner for his conviction*.

*Isbell*, *supra*, 2018 WL 3954190 at *1 (internal citations omitted and emphasis supplied).

Although Isbell's objections to the R&R are many, they are all futile – indeed, frivolous – in light of my prior decisions and that of the Circuit. Just like in his first round of habeas proceedings, Isbell is entitled to no relief from his sentence here.

## Conclusion

It is, therefore,

ORDERED THAT:

1. Isbell's objections (Docs. 28, 29, 30) be, and the same hereby are, overruled;

2. The Magistrate Judge's Report and Recommendation (Doc. 26) be, and the same hereby is, adopted as the order of the court;

3. Respondent's motion to dismiss Isbell's habeas petition (Doc. 16) be, and the same hereby is, granted with prejudice;

4. Isbell's motions for sanctions (Doc. 22) and for bond (Doc. 25) be, and the same hereby are, denied; and

5. Isbell's motions for leave to add newly discovered evidence (Doc. 32) and supplement his amended objections (Doc. 33) be, and the same hereby are, denied because nothing contained therein affects this court's judgment that Isbell's sentence has not expired.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge